
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILD EQUITY INSTITUTE, | No. 15-17502 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-02461-PJH |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Argued and Submitted February 14, 2017
San Francisco, California

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and GORDON,**
District Judge.

Wild Equity filed this suit claiming that the Environmental Protection

Agency (EPA) must reinitiate Endangered Species Act consultation with the Fish

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Andrew P. Gordon, United States District Judge for
the District of Nevada, sitting by designation.

and Wildlife Service about a 2001 permit because 1) new information shows the power plant authorized under the permit is causing greater harm to protected species than understood in 2001, and 2) "discretionary Federal involvement or control over [an agency] action has been retained or is authorized by law." 50 C.F.R. § 402.16; *see also* 16 U.S.C. § 1536(a)(2).

The district court dismissed this case on the ground that there is no federal agency action on which the EPA could consult—the 2001 permit expired before construction was complete and now has no operative effect. Wild Equity's position on appeal is that as long as there was agency action in the past and the agency has some discretion over the subject matter of that agency action, the conditions for reinitiation are met. No new or ongoing agency action is required.

The district court is correct. Although the 2001 permit was "agency action" at the time of its issuance, its expiration severed any connection to subsequent plant operation. The current plant operation cannot be plausibly described as "authorized . . . by" the expired 2001 permit. 16 U.S.C. § 1536(a)(2). Wild Equity offers no viable statutory interpretation or case law to bridge that gap.

Because the plant was being operated without a valid permit, the EPA brought a civil enforcement suit that was settled with a consent decree in 2011, allowing the plant to remain in operation. Any argument that this consent decree

2

constitutes agency action is waived by Wild Equity's statement that it "does not rely on the consent decree as a triggering event" requiring EPA to reinitiate consultation. *See United States v. Laurienti*, 611 F.3d 530, 543 (9th Cir. 2010).

Accordingly, the district court's judgment is **AFFIRMED**.